IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. DEWALD II, | : | |
|     Petitioner, | : | 1:20-cv-0016 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| TIMOTHY BETTI, | : | |
|     Respondent. | : | |

_____

| | | |
|---|---|---|
| DAVID E. DEWALD II, | : | |
|     Petitioner, | : | 1:20-cv-0023 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DAVID VARANO, *et al.*, | : | |
|     Respondents. | : | |

## **MEMORANDUM**

### **January 21, 2020**

On January 7, 2020, Petitioner David E. Dewald II ("Petitioner"), a pre-trial detainee presently confined at the Lackawanna County Prison, Scranton, Pennsylvania, initiated two petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself...." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Preliminary review reveals that the petitions are subject to summary dismissal.

## I. BACKGROUND

### A. Civil No. 1:20-cv-2016

In the petition docketed at 1:20-cv-2016, Petitioner references two pending state court criminal cases, Columbia County Court of Common Pleas case CP-19-CR-369-2017, and Delaware County case CP-23-CR-6025-2016. Review of the full electronic docket sheets, https://ujsportal.pacourts, reveal that Petitioner is charged in the Court of Common Pleas of Columbia County in criminal case CP-19-CR-0000369-2017, with the following criminal offense conduct: "18 § 3122.1 §§ B Statutory Sexual Assault: 11 Years Older"; "18 § 3123 §§ A7 IDSI Person Less Than 16 Yrs Age"; "18 § 6318 Unlawful Contact With Minor - Sexual Offenses"; "18 § 3125 §§ A8 Agg. Ind. Assault - Comp. Less Than 16"; "18 § 6301 §§ A1ii Corruption Of Minors - Defendant Age 18 or Above"; and, "18 § 3126 §§ A8 Ind Asslt Person Less 16 Yrs Age". He is charged in the Court of Common Pleas of Delaware County in criminal case CP-23-CR-6025-2016, with

2

the following crimes: "18 § 3121 §§ A1 Rape Forcible Compulsion"; "18 § 3123 §§ A7 IDSI Person Less Than 16 Yrs Age"; "18 § 3123 §§ A7 IDSI Person Less Than 16 Yrs Age"; "18 § 3122.1 §§ B Statutory Sexual Assault: 11 Years Older"; "18 § 6318 §§ A1 Unlawful Contact With Minor – Sexual Offenses"; " 18 § 2901 §§ A.13 Kidnapping of Minor - Inflict Bodily Injury"; "18 § 3124.1 Sexual Assault"; "18 § 3125 §§ A8 Agg. Ind. Assault - Comp. Less Than 16"; "18 § 6301 §§ A1ii Corruption Of Minors - Defendant Age 18 or Above"; and "18 § 3126 §§ A8 Ind Asslt Person Less 16 Yrs Age".

He indicates that these cases will not move forward until he is sentenced in his federal criminal case, *USA v. DeWald*, Criminal No. 1:17-cr-25, which is pending in this district before the Honorable Matthew W. Brann. (Doc. 1, p. 8, 9). He raises his right to a speedy trial, takes issue with his custodial classification, and alleges that he is being denied adequate medical care. (*Id.* at 10-12). He is seeking bail and requesting adequate medical care. (*Id.* at 12).

**B.    Civil No. 1:20-cv-0023**

According to the electronic docket sheet attached to the petition filed in 1:20-cv-0023, in the Columbia County case, the state court conducted a suppression hearing in December 2018, and, since that time, has granted several motions for continuance. (Doc. 1, pp. 3, 4). Recently, on December 19, 2019, the

state court issued a notice of pre-trial conference. A writ of habeas corpus *ad prosequendum* issued on December 20, 2019, and on January 7, 2020, the state court granted another continuance.

He is seeking release on nominal bail based on a violation of his right to a speedy trial. (*Id.* at 6). Also included in the petition are several civil rights claims concerning inadequate medical and dental care. (Doc. 1, pp. 7-11).

## II. DISCUSSION

### A. Habeas Corpus Grounds

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). However, this section specifically provides that the person must be in custody pursuant to the judgment of a State court. *See* 28 U.S.C. § 2254(a). It is apparent from the instant petitions that Petitioner has not yet been tried or convicted on the criminal charges he faces in either Columbia or Delaware County and, thus, he is not yet in custody pursuant to the judgment of a state court.

Notwithstanding this deficiency, generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv.,*

*Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other

5

extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . ..." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is evident from the Columbia County electronic docket and the petition that Petitioner is involved in ongoing criminal proceedings which implicate important state interests in that he is awaiting trial on pending criminal charges. It is also clear, based on the recent notice of a pretrial conference, and the issuance of a writ of habeas corpus *ad prosequendum*, that the state court is moving the case in the direction of a trial and final disposition. The Delaware County electronic docket reveals that the state court held a suppression hearing on August 20, 2019, and conducted a status conference conducted in the case on November 19, 2019.

All indications are that there remains relief available at the state court level. As such, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court in either case. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petitions. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal

proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

  B.  **Civil Rights Claims**

To the extent Petitioner includes civil rights claims in his habeas petitions, "habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)). When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Those claims for which he seeks to impose liability due to the deprivation of certain rights and privileges are erroneously included in the petitions for writ of habeas corpus as they do not involve a challenge to the legality of his present

incarceration. Consequently, they will be dismissed without prejudice to his right to reassert them in a properly filed civil rights action.

## III. <u>CONCLUSION</u>

For the reasons set forth above, the petitions for writ of habeas corpus will be dismissed.

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, there is no basis for the issuance of a certificate of appealability.

The denial of a certificate of appealability does not prevent Petitioner from appealing either order dismissing his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals. *See* FED. R. APP. P. 22(b)(1), (2).

Separate Orders on each civil action will enter.